NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-229

JAMES MAGUIRE & others[1]

vs.

PLANNING BOARD OF HAMILTON & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendants Patricia and Nazir Shamsuddin appeal from a Land Court judgment invalidating defendant planning board of Hamilton's (board) approval of the Shamsuddins' proposed subdivision plan. Acting on cross motions for summary judgment, a Land Court judge concluded that the board exceeded its authority in approving the plan because the plan employed a private way in a manner that would overload the Shamsuddins' easement over the way. Agreeing with the judge's conclusion that, in the circumstances of this case, the proposed use of the easement as a subdivision road would violate the bright-line

_____

[1] Jennifer Maguire, Brett McKechnie, and Laurie McKechnie.

[2] Patricia Shamsuddin and Nazir Shamsuddin.

rule reaffirmed in Taylor v. Martha's Vineyard Land Bank Comm'n, 475 Mass. 682, 686 (2016), we affirm.

Background.  We set forth the undisputed facts drawn from the summary judgment record.  See LeFort Enters., Inc. v. Lantern 18, LLC, 491 Mass. 144, 145 (2023).  The Shamsuddins own two parcels of land originally shown on separate subdivision plans.  They own "lot C" as shown on a subdivision plan dated March 24, 1956, and a portion of "lot 28" as shown on a subdivision plan dated October 12, 1960.[3]  Lot 28 abuts the western side of lot C, and a fifty-foot-wide, paved private way runs along the eastern side of lot C.  The plaintiffs, the Maguires and the McKechnies, own properties that also abut the private way.  The plaintiffs have easements over the private way, and they use it to gain access to Meyer Road, the nearest public way.

The Shamsuddins proposed to create three new lots, each incorporating property derived from lot C (toward the front of each new lot) and lot 28 (at the rear of new each lot).  Two of the lots would have frontage on, and would be accessed by, the

---

[3] More precisely, the portion of lot 28 owned by the Shamsuddins is shown as lot 5 on a 2013 "approval not required" plan. Following the terminology adopted by the judge and the parties, we refer to the Shamsuddins' portion of lot 28 shown on the subdivision plan simply as "lot 28."

private way abutting lot C.[4]  Lot C has the benefit of an easement over the private way; however, lot 28 does not.[5] Anticipating the overloading issue, the Shamsuddins proposed that residential homes would be constructed entirely on the portions of the new lots derived from lot C.  The board approved the subdivision plan with certain conditions, one of those conditions being that the placement of any structures on the new lots be limited to lot C.

The plaintiffs appealed the board's decision to the Land Court pursuant to G. L. c. 41, § 81BB.  The judge concluded that the board exceeded its authority in approving the subdivision plan because the proposed use of the private way, which would benefit land derived from lot 28, would overload the easement, which is appurtenant to the plaintiffs' lots and to lot C, but not to lot 28.  Accordingly, the judge annulled the decision approving the subdivision plan.[6]

---

[4] The third lot would have frontage on both the private way and on Meyer Road, with direct access to Meyer Road.

[5] The judgment in this case included a declaration that lot C benefited from an express easement over the private way and ordered that a deed be modified to properly reflect that easement.  The plaintiffs do not challenge that aspect of the judgment.  The judge also found that lot 28 does not have the benefit of an easement over the private way, and the Shamsuddins concede this point.

[6] The judge also concluded that the board exceeded its authority by failing to modify the conditions of two earlier subdivision approvals that restricted the number of houses on the lots in

3

Discussion. "Summary judgment is appropriate where there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law." HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 326 (2022). We review the decision de novo. See id.

"We have long held that a 'right of way appurtenant to [a particular piece of] land . . . cannot be used by the owner of the dominant tenement to pass to or from other land adjacent to or beyond that to which the easement is appurtenant" (footnote omitted). Taylor, 475 Mass. at 686, quoting Murphy v. Mart Realty of Brockton, Inc., 348 Mass. 675, 678-679 (1965). See Greene v. Canny, 137 Mass. 64, 68 (1884). Indeed, "'[a]bsent . . . consent [from the owner of the servient estate], use of an easement to benefit property located beyond the dominant estate constitutes an over[load]ing of the easement' (citation omitted)." Taylor, supra, quoting McLaughlin v. Selectmen of Amherst, 422 Mass. 359, 364 (1996). "This limitation on the

_____

question and by failing to obtain consent for modification from the owner of an affected lot. In addition, the judge declared that although the private way would be overloaded, it would not be overburdened. The Shamsuddins and the plaintiffs in their cross appeal contest various aspects of these additional rulings. Because we affirm the annulment of the plan on the grounds of overloading, we need not reach any of these issues; if they recur at all, it will be under entirely different circumstances. In addition, the plaintiffs stated in their brief that we need not address their cross appeal if we affirm on the issue of overloading.

4

permissible use of easements is a bright-line 'rule [meant to] avoid[] otherwise difficult litigation over the question whether increased use unreasonably increases the burden on the servient estate.'" Taylor, supra at 386, quoting Restatement (Third) of Property: Servitudes § 4.11 comment b (2000).

While recognizing this bright-line rule, the Shamsuddins contend that it does not control this case because they are not proposing to construct a structure on, or to make any active use whatsoever of, the portions of the new lots that derive from lot 28. They contend that the new lots make only passive, not actual, use of lot 28 -- to satisfy the town's minimum lot size requirement for the zoning district in which the lots are situated. At oral argument, the Shamsuddins even suggested they would be willing to erect fences across the new lots at the boundary between lot C and lot 28 to prevent the lot 28 portion of the new lots from deriving any benefit from the use of the private way. In support of their argument, the Shamsuddins rely on a 2005 decision of a different Land Court judge, which the Land Court judge in this case distinguished on the facts and also considered to have been superseded by subsequent "clarifications of the law." In any case, the 2005 Land Court decision is not binding on us. See Blue View Constr., Inc. v. Franklin, 70 Mass. App. Ct. 345, 354 n.10 (2007).

5

The Shamsuddins in effect argue that the bright-line rule, which prohibits using an easement for the benefit of adjacent property to which the easement is not appurtenant, should not apply where the easement will not actually be used for access to the adjacent property, or where such use would be de minimis. This argument, however, has been expressly rejected. See Taylor, 475 Mass. at 686, quoting Restatement (Third) of Property: Servitudes § 4.11 comment b (2000) (bright-line rule "applies 'even if no additional use of the easement or burden on the servient estate would ensue'"). The Shamsuddins' suggestion that "the McKechnies are in a position, both physically and legally, to make sure that no one will use the Private Way to access any part of Lot 28" invites precisely the type of litigation over the nature and extent of use of the adjacent land that the bright-line rule is intended to prevent.

Judgment affirmed.

By the Court (Rubin, Massing & D'Angelo, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered: March 15, 2023.

---

[7] The panelists are listed in order of seniority.